Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Patrick H. Peluso*
  ppeluso@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Pro Hac Vice* to be filed

*Attorneys for Plaintiffs and the Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUCINE TRIM** and **ANTHONY FREY**, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | |
| **JOHN C. HEATH, ATTORNEY AT LAW PC**, d/b/a **LEXINGTON LAW FIRM**, a Utah corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## CLASS ACTION COMPLAINT

1.      Plaintiffs Lucine Trim ("Trim") and Anthony Frey ("Frey") (collectively "Plaintiffs") bring this Class Action Complaint against Defendant John C. Heath, Attorney At Law PC d/b/a Lexington Law Firm ("Lexington" or "Defendant") to: (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" ("ATDS") to the cellphones of consumers nationwide

1

1  without their prior express consent; (2) stop Defendant's practice of placing calls

2  using a prerecorded voice to the cellphones of consumers nationwide without their

3  prior express consent; and (3) obtain redress for all persons injured by Defendant's

4  conduct. Plaintiffs also seek an award of statutory damages to the members of the

5  Classes plus court costs and reasonable attorneys' fees.

6        2.      Plaintiffs, for their complaint, allege as follows upon personal

7  knowledge as to themselves and their own acts and experiences, and, as to all other

8  matters, upon information and belief, including investigation conducted by their

9  attorneys.

10       3.      The Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq.*

11 ("TCPA") and its implementing regulations, 47 C.F.R. §64.1200, *et seq.* prohibit

12 companies, such as Defendant, from placing calls to consumers using an ATDS

13 ("autodialed calls") or prerecorded voice without first obtaining consent. Lexington

14 has violated, and continues to violate, the TCPA and its regulations by placing

15 autodialed and prerecorded calls to cellphone subscribers who have not expressly

16 consented to receiving such calls.

17       4.      In an effort to obtain leads for its services, Lexington made (or directed

18 to be made on its behalf) autodialed and/or prerecorded calls to the telephones of

19 Plaintiffs and other members of the putative classes without first obtaining prior

20 express written consent to do so—all in violation of the TCPA.

21       5.      The TCPA was enacted to protect consumers from unauthorized calls

22 like those alleged in this Complaint—autodialed and/or prerecorded calls placed to

23 cellphone numbers without each consumer's prior express written consent.

24       6.      By making the telephone calls at issue in this Complaint, Defendant

25 caused Plaintiffs and the members of the Classes actual harm and cognizable legal

26 injury. This includes the aggravation and nuisance and invasions of privacy that

27

28

1 result from the receipt of such calls, in addition to a loss of value realized for the

2 monies consumers paid to their wireless carriers for the receipt of such calls.

3 Furthermore, the calls interfered with and interrupted Plaintiffs' and the other Class

4 members' use and enjoyment of their cellphones, including the related data,

5 software, and hardware components. Defendant also caused substantial injury to

6 their phones by causing wear and tear on their property, consuming battery life, and

7 appropriating cellular minutes and data.

8 ## PARTIES

9      7.     Plaintiff Trim is a natural person over the age of eighteen (18) and a

10 citizen of the State of California residing in Los Angeles county.

11     8.     Plaintiff Frey is a natural person over the age of eighteen (18) and a

12 citizen of the State of Kentucky residing in Jefferson county.

13     9.     Defendant John C. Heath, Attorney At Law PC d/b/a Lexington Law

14 Firm is a limited liability company organized in and existing under the laws of the

15 State of Utah, with its principal place of business located at 360 North Cutler Drive,

16 North Salt Lake, Utah 84054.

17 ## JURISDICTION & VENUE

18     10.    This Court has subject matter jurisdiction over this action pursuant to

19 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection

20 Act, 47 U.S.C. §227, et seq., a federal statute. This Court also has jurisdiction under

21 the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged

22 Class consists of over 100 persons, there is minimal diversity, and the claims of the

23 class members when aggregated together exceeds $5 million. Further, none of the

24 exceptions to CAFA applies.

25     11.    This Court has personal jurisdiction over Lexington because it solicits

26 significant business in this District, has entered into business contracts in this

27

28

1    District, and a significant portion of the unlawful conduct alleged in this Complaint

2    occurred in, was directed to, and/or emanated from this District.

3         12.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant

4    solicits a significant amount of consumer business within this District, and because

5    a substantial portion of the wrongful conduct giving rise to the claims occurred in,

6    was directed to, and/or emanated from this District.

7                    **COMMON ALLEGATIONS OF FACT**

8         13.    Defendant John C. Heath, Attorney At Law PC d/b/a Lexington Law

9    Firm is a company that offers credit repair services to consumers, including

10   reviewing credit reports and taking legal action to remove negative items from

11   consumer credit histories.

12        14.    Unfortunately for consumers, Lexington casts its marketing net too

13   wide. That is, in an attempt to promote its business and to generate leads for its

14   credit repair services, Defendant conducted (and continues to conduct) a wide scale

15   telemarketing campaign that repeatedly makes unsolicited autodialed and/or pre-

16   recorded calls to consumers' telephones including cellular telephones, all without

17   any prior express consent to make these calls.

18        15.    While autodialed and prerecorded calls may be made where a caller

19   obtains prior express consent, Defendant places these calls to telephones using an

20   ATDS without consumers' prior written express consent in violation of the TCPA.

21        16.    At no time did Defendant obtain prior express consent from the

22   Plaintiffs or the members of the Classes orally or in writing to receive autodialed

23   calls.

24        17.    In making the phone calls at issue in this Complaint, Defendant and/or

25   its agent utilized an ATDS. Specifically, the hardware and software used by

26   Defendant and/or its agents has the capacity to store, produce, and dial random or

27

28

4

1   sequential numbers, and/or receive and store lists of telephone numbers, and to dial

2   such numbers, *en masse*, in an automated fashion without human intervention.

3   Defendant's automated dialing equipment includes features substantially similar to

4   a predictive dialer, inasmuch as it is capable of making numerous calls

5   simultaneously, without human intervention.

6          18.    Defendant also made calls to consumers using an artificial or

7   prerecorded voice, which would be heard on the line before any human

8   representative.

9          19.    Defendant knowingly made, and continues to make, autodialed and/or

10  prerecorded telemarketing calls without the prior express consent of the recipients.

11  As such, Defendant not only invaded the personal privacy of Plaintiffs and

12  members of the putative Class, but also intentionally and repeatedly violated the

13  TCPA.

14                 **FACTS SPECIFIC TO PLAINTIFF TRIM**

15         20.    Plaintiff Trim is the subscriber to and customary user of the personal

16  cellular telephone number ending in 2347.

17         21.    On or around March 26, 2018, Plaintiff received a phone call from

18  (602) 599-0438. When she answered the call, she was met with dead air. She said

19  "hello" before hearing a "click" and connecting to a live representative, indicating

20  that the phone call had been autodialed.

21         22.    The representative on the phone was a man who said he wanted to talk

22  to Trim about getting rid of her loans.

23         23.    In an effort to identify who was calling her, Trim asked the

24  representative to send her an email. She received an email from

25  email@email.lexingtonlaw.com on March 26, 2018. The email described

26

27

28

5

1  Defendant's services, and it was apparently signed by a credit consultant named

2  "Beth."

3       24.    Several days later, on or around March 30, 2018, Trim received

4  another call from (602) 599-0438. Once again, when she answered the call, she was

5  met with dead air. She said "hello" before hearing a "click" and connecting to a live

6  representative, indicating that the phone call had been autodialed.

7       25.    The representative on the phone was a woman who stated that she

8  thought Trim was interested in consolidation. Plaintiff Trim replied that she wasn't

9  interested, and the representative asked why. Trim stated that she was busy and

10  hung up.

11      26.    Plaintiff Trim never consented either orally or in writing to receive

12  prerecorded and/or autodialed calls from Lexington or any of its affiliates or agents.

13      27.    Plaintiff does not have a relationship with Defendant, has never

14  provided her telephone number directly to Defendant, and has never requested that

15  Defendant place prerecorded and/or autodialed calls to her or offer her its services.

16      28.    Simply put, Plaintiff Trim has never provided any form of prior

17  express written or oral consent to Defendant to place autodialed calls to her and has

18  no business relationship with Defendant.

19                    **FACTS SPECIFIC TO PLAINTIFF FREY**

20      29.    Plaintiff Frey is the subscriber to and customary user of the personal

21  cellular telephone number ending in 2868.

22      30.    On or around May 4, 2018, Frey received a phone call from (502) 519-

23  3094. When he answered the call, he was met with prerecorded message line that

24  provided a prompt to connect with a representative. Frey followed the prompt and

25  was connected to a female representative.

26

27

28

6

31.     In an effort to identify who was calling him, Frey asked for a call-back number. He was provided with the number (888) 596-4997, which is a number available on Lexington's website.

32.     Plaintiff Frey never consented either orally or in writing to receive prerecorded and/or autodialed calls from Lexington or any of its affiliates or agents.

33.     Plaintiff does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, and has never requested that Defendant place prerecorded and/or autodialed calls to him or offer him its services.

34.     In short, Plaintiff Frey never provided any form of prior express written or oral consent to Defendant to place autodialed or prerecorded calls to him and has no business relationship with Defendant.

35.     Defendant was, and is, aware that the above described autodialed and prerecorded calls were made to consumers like Plaintiffs who have not consented to receive them.

36.     By making unauthorized autodialed calls as alleged herein, Lexington has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing that they interfered with and interrupted Plaintiffs and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

37.     To redress these injuries, Plaintiffs, on behalf of themselves and Classes of similarly situated individuals, bring this suit under the TCPA, which prohibits unsolicited prerecorded and/or autodialed calls to cellphones.

38.     On behalf of the Classes, Plaintiffs seek an injunction requiring Defendant to cease all unauthorized prerecorded and/or autodialed calling activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

39.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Classes defined as follows:

**Autodialed No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant, or a third person acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) using the same equipment that was used to call the Plaintiff; (4) for the purpose of marketing or selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call Plaintiff Trim.

**Prerecorded No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant, or a third person acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) for the purpose of marketing or selling

Defendant's products and services; (4) using a pre-recorded voice; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call Plaintiff Frey.

40.     The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

41.     Plaintiffs anticipate the need to amend the class definitions following appropriate discovery relating to the equipment used to call Plaintiffs, the purpose of the calls, and any supposed consent Defendant claims was obtained from Plaintiffs.

42.     **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed pre-recorded calls to thousands of consumers who fall into the defined Classes. However, the exact number of members of the Classes can be identified through reference to objective criteria, including Defendant's records and dialer reports.

43.     **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Classes in that Plaintiffs and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct. Plaintiffs Trim and

1   Frey are members of the Autodialed No Consent Class and the Prerecorded No

2   Consent Class, respectively.

3        44.   **Adequate Representation:** Plaintiffs will fairly and adequately

4   represent and protect the interests of the Classes and have retained counsel

5   competent and experienced in complex class actions. Plaintiffs have no interests

6   antagonistic to or in conflict with those of the Classes, and Defendant has no

7   defenses unique to Plaintiffs.

8        45.   **Commonality and Predominance:** There are many questions of law

9   and fact common to the claims of Plaintiffs and the Classes, and those questions

10  predominate over any questions that may affect individual members of the Classes.

11  Common questions for the Classes include, but are not necessarily limited to the

12  following:

13        (a)   Whether Defendant's conduct violated the TCPA;

14        (b)   Whether Defendant systematically made telephone calls to

15        individuals who did not previously provide Defendant and/or its agents

16        with their prior express written consent to receive such phone calls;

17        (c)   Whether Defendant made unsolicited calls with the use of an

18        ATDS;

19        (d)   Whether Defendant made unsolicited calls with the use of an

20        artificial or prerecorded voice;

21        (e)   Whether members of the Classes are entitled to treble damages

22        based on the willfulness of Defendant's conduct.

23        46.   **Superiority:** This case is also appropriate for class certification

24  because class proceedings are superior to all other available methods for the fair and

25  efficient adjudication of this controversy. Joinder of all parties is impracticable, and

26  the damages suffered by the individual members of the Classes will likely be

27

28

1 relatively small, especially given the burden and expense of individual prosecution

2 of the complex litigation necessitated by Defendant's actions. It would be virtually

3 impossible for the individual Class members to obtain effective relief from

4 Defendant's misconduct.

5      47.     Even if members of the Classes could sustain such individual

6 litigation, it would still not be preferable to a class action, because individual

7 litigation would increase the delay and expense to all parties due to the complex

8 legal and factual controversies presented in this Complaint.

9      48.     By contrast, a class action presents far fewer management difficulties

10 and provides the benefits of single adjudication, economy of scale, and

11 comprehensive supervision by a single Court. Economies of time, effort and

12 expense will be fostered and uniformity of decisions ensured.

13 **FIRST CAUSE OF ACTION**

14 **Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff Trim and the Autodialed No Consent Class)**

15      49.     Plaintiff Trim incorporates by reference the foregoing allegations as if

16 fully set forth herein.

17      50.     Defendant Lexington, by and through its agents, made unsolicited and

18 unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiff

19 Trim and the other members of the Autodialed No Consent Class—without their

20 prior express written consent—in an effort to generate leads for Defendants'

21 products and services.

22      51.     Defendant failed to obtain any prior express consent from Trim that

23 included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous"

24 disclosure informing the person signing that:

25      (A) By executing the agreement, such person authorizes the seller to

26         deliver or cause to be delivered to the signatory telemarketing calls using

27

28

an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

52.     Defendant had no prior express consent to call Plaintiff Trim or the members of the Autodialed No Consent Class.

53.     Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

54.     Defendant utilized equipment that made the telephone calls to Trim and other members of the Class simultaneously and without human intervention.

55.     By making unsolicited telephone calls to Plaintiff Trim and members of the Autodialed No Consent Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

56.     As a result of Defendant's unlawful conduct, Trim and the members of the Autodialed No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

57.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff Trim and the other members of the Autodialed No Consent Class.

### SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

**(On behalf of Plaintiff Frey and the Prerecorded No Consent Class)**

58.     Plaintiff Frey incorporates by reference the foregoing allegations as if fully set forth herein.

59.     Defendant made unsolicited and unwanted telemarketing calls using an artificial or prerecorded voice to cellular telephone numbers belonging to Plaintiff Frey and the other members of the Prerecorded No Consent Class—without their prior express written consent—in an effort to generate leads for Lexington's products and services.

60.     Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

61.     Defendant had no prior express consent to call Plaintiff Frey or the members of the Prerecorded No Consent Class.

62.     Defendant made the telephone calls using an artificial or prerecorded voice.

63.     By making unsolicited telephone calls to Frey and members of the Prerecorded No Consent Class's cellular telephones without prior express consent, and by utilizing a prerecorded voice message to do so, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

64.     As a result of Defendant's unlawful conduct, Plaintiff Frey and the members of the Prerecorded No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

65.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Frey and the other members of the Prerecorded No Consent Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Lucine Trim and Anthony Frey, on behalf of themselves and the classes, pray for the following relief:

A.     An order certifying the Classes as defined above, appointing Plaintiffs as the representative of the respective Classes and appointing their counsel as Class Counsel;

B.     An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiffs and the Class Members;

C.     An order declaring that Defendant's actions, as set out above, violate the TCPA and appropriate injunctive relief;

D.     An award of pre- and post-judgment interest;

E.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F.     Such other and further relief that the Court deems reasonable and just.

## **JURY DEMAND**

1      Plaintiffs request a trial by jury of all claims that can be so tried.

2

3                                              Respectfully submitted,

4    Dated: March 5, 2020                      **LUCINE TRIM** and **ANTHONY FREY**,
                                               individually and on behalf of all others
5                                              similarly situated,

6

7                                              By:  /s/ Aaron D. Aftergood
                                                      One of Plaintiff's Attorneys
8
                                               Aaron D. Aftergood (239853)
9                                                aaron@aftergoodesq.com
                                               **THE AFTERGOOD LAW FIRM**
10                                             1880 Century Park East, Suite 200
                                               Los Angeles, CA 90067
11                                             Telephone: (310) 550-5221
                                               Facsimile: (310) 496-2840
12
                                               Patrick H. Peluso*
13                                             ppeluso@woodrowpeluso.com
                                               Woodrow & Peluso, LLC
14                                             3900 East Mexico Ave., Suite 300
                                               Denver, Colorado 80210
15                                             Telephone: (720) 213-0676
                                               Facsimile: (303) 927-0809
16
                                               Attorneys for Plaintiff and the Class
17
                                               * *Pro Hac Vice* to be filed
18

19

20

21

22

23

24

25

26

27

28

15