Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Telephone: (720) 213-0676

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the alleged Class*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCINE TRIM and ANTHONY FREY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHN C. HEATH, ATTORNEY AT LAW PC d/b/a LEXINGTON LAW FIRM, a Utah corporation,<br><br>Defendant. | Case No. 2:20-cv-2161-SVW-MRW<br><br>Scheduling Conference:<br>Date: June 29, 2020<br>Time: 3:00 p.m. |

**JOINT STATEMENT RE INITIAL STATUS CONFERENCE**

Plaintiffs Lucine Trim and Anthony Frey (collectively "Plaintiffs") and Defendant John C. Health, Attorney at Law PC d/b/a Lexington Law Firm ("Defendant" or "Lexington Law") submit this joint statement in advance of the June 29, 2020 Initial Status Conference. The Parties understand that a written submission is not required (*see* Dkt. 14), but believe outlining their respective

1

JOINT RULE 26(F) REPORT

42550528v1

positions on the issue of bifurcating discovery in this case—the only significant point of disagreement that arose during the Rule 26(f) conference—would be helpful. The Parties positions are outlined below.

<u>Plaintiffs' Position</u>: Plaintiffs oppose Defendant's proposal to bifurcate discovery. While in certain cases bifurcating between class and merits discovery makes sense, here any so-called "merits" issues are so intertwined with the class issues that attempting to separate them would only lead to confusion, disagreement, and the need for Court supervision. *See Manual for Complex Litig*. § 11.214 (4th. ed) (The court should ascertain what discovery on class questions is needed for a certification ruling and how to conduct it efficiently and economically….Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.") An example is found in Defendant's claim that it had prior express consent from Plaintiff Trim (which Trim denies). The question of whether such alleged consent is sufficient to satisfy the TCPA's prior express written consent requirement is the same for both Trim and all others who Defendant claims consented in the same way.

Indeed, phasing discovery in such a way would give Defendant a free bite at the apple. That is, the one-way intervention rule, which bars granting class certification after the merits have already been decided in a plaintiff's favor, would preclude Plaintiffs, but not Defendant, from moving for summary judgment prior to class certification. *Gessele v. Jack in the Box, Inc.,* No. C10–0960, 2012 WL 3686274, at *3 (D. Or. Aug. 24, 2012) (quotations omitted).

In short, under Defendant's plan, Plaintiffs would need to first clear the hurdle of proving they can beat summary judgment on their individual claims

without any corresponding ability to seek summary judgment in their favor. Then, only after surviving summary judgment would Plaintiffs be able to seek discovery related to class certification—which will take months to gather. Bifurcating discovery is therefore not only unnecessary in this case, but also unreasonable and prejudicial to Plaintiffs.

Defendant's Position:

Bifurcating discovery will best serve the interests of fairness and efficiency by requiring that the Parties address whether Plaintiffs have meritorious claims prior to incurring the extensive costs and efforts related to class discovery. Federal District Courts are empowered by the Federal Rules of Civil Procedure to exercise their discretion and bifurcate discovery in putative class actions prior to class certification. *See* Fed. R. Civ. P. 42; *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001); *Ahmed v. HSBC Bank USA, N.A.,* ED CV 15-2057 FMO (SPx), 2018 U.S. Dist. LEXIS 2286, at *11–12 (C.D. Cal. Jan 5, 2018). When "relatively straightforward issues" can be resolved prior to "more complex issues," bifurcation is appropriate. *Trung Ma v. Allstate Fire & Cas. Ins. Co.*, No. C17-1276RSM, 2018 U.S. Dist. LEXIS 169431, at *2 (W.D. Wash. Oct. 1, 2018).

Lexington Law expects to prevail at summary judgment because it (1) possesses evidence that it received express consent (both written and oral) to contact Plaintiff Lucine Trim and (2) possesses no evidence relating to the alleged telephone call received by Plaintiff Anthony Frey. If Lexington Law prevails in a motion for summary judgment by demonstrating that Plaintiffs have either provided express consent to receive the telephone calls at issue or have provided insufficient evidence to establish that Lexington Law placed such a telephone call in the first place, then Plaintiffs' claims relating to a putative class will also

necessarily fail. *See, e.g.*, *Karpenski v. Am. Gen. Life Companies, LLC*, 916 F. Supp. 2d 1188, 1189 (W.D. Wash. 2012) (granting motion to bifurcate action when disposition on one claim would dispose of all other claims); *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 680-81, 685 (4th Cir. 1986) (affirming bifurcation of discovery where district court "agreed with counsel . . . that plaintiffs would be required 'to establish viable individual actions' before class discovery would be allowed"). Time spent pursuing class discovery prior to a determination of these threshold issues will be an expensive waste of resources, and it would be in the interest of both Parties and the Court to separate this discovery into two phases. Indeed, Plaintiffs' Complaint defines two nationwide putative classes of individuals asserting broad claims for the receipt of autodialed and prerecorded telephone calls for which they allegedly did not provide their express consent. The discovery that Plaintiffs would conduct in an effort to certify these classes would involve the pursuit of substantial and burdensome amounts of information related to Defendant's procedures and systems.

Alternatively, in light of the infirmities of Plaintiffs' claims, limiting discovery to Plaintiffs' individual claims prior to a ruling on a motion for summary judgment and, then, if necessary, engaging in class-wide discovery, is the most efficient way to resolve this case. This is especially true given that there is, as of now, no scheduling order that would need to be modified or upon which the parties might have relied. The Court should order bifurcation because separating individual discovery and class discovery is practical, cost-effective, and efficient. Specifically, bifurcating discovery allows the potential for resolution of the individual claims before forcing both parties to conduct costly and burdensome discovery that may be moot.

June 25, 2020

By: /s/ Patrick H. Peluso

Patrick H Peluso *
ppeluso@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, CO  80210
Telephone:  720-213-0675
Facsimile:  303-927-0809

**Counsel for Plaintiffs and the alleged Class**

By: */s/ Chad R. Fuller*
Chad R. Fuller, Bar No. 190830
chad.fuller@troutmansanders.com
**TROUTMAN SANDERS LLP**
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:  858.509.6056
Facsimile:  858.509.6040

**Counsel for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon its filing via this Court's CM/ECF system on this 25th day of June, 2020 to all counsel of record.

/s/ Patrick H. Peluso